1  Charles A. Jones, Esq., SBN 6698
2  Caj@cjoneslawfirm.com
   JONES LAW FIRM LLC
3  18124 Wedge Parkway, #511
   Reno, Nevada 89511
4  Telephone: (775) 853-6440
   Facsimile:  (775) 853-6445
5
6  EDWARD J. WYNNE, *pro hac vice application pending*
7  ewynne@wynnelawfirm.com
   **WYNNE LAW FIRM**
8  80 E. Sir Francis Drake Blvd., Suite 3G
   Wood Island
9  Larkspur, CA 94939
10 Telephone: (415) 461-6400
   Facsimile:  (415) 461-3900

**UNITED STATES DISTRICT COURT**

**NEVADA**

| | |
|---|---|
| **MICHELLE RIGHETTI** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MGM RESORTS INTERNATIONAL**,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT:**<br><br>1. Negligence<br><br>2. Violations of the California Consumer Privacy Act (Cal. Civ. Code § 1798.150)<br><br>3. Violations of the Customer Records Act (Cal. Civ. Code § 1798.82)<br><br>4. Violations of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.)<br><br>5. Declaratory Relief<br><br>**DEMAND FOR JURY TRIAL** |

**Class Action Complaint**

Plaintiff Michelle Righetti, individually, and on behalf of all others similarly situated, files this Class Action Complaint against Defendant MGM Resorts International ("MGM" or "Defendant"), and alleges based on personal knowledge as to her own actions, and upon information and belief as to all other matters, as follows:

## I. INTRODUCTION

1. On or about September 11, 2023, an unauthorized third party carried out a data breach ("Data Breach") at Defendant's computer systems that resulted in the theft of Defendant's customers' personal identifiable information ("PII"). The stolen information included name, contact information (such as phone number, email address, and postal address), gender, date of birth, and driver's license number. For some of Defendant's customers, passport numbers were also stolen.

2. On or about September 29, 2023, Defendant detected the Data Breach.

3. On or about October 19, 2023, Defendant informed its customers of the Data Breach. One of those customers is Michelle Righetti who received a Notice of Data Breach from Defendant.

4. This class action is brought by Defendant's customer Michelle Righetti on behalf herself and others similarly situated and seeks damages, declaratory relief, injunctive relief, and equitable restitution against Defendant for causing Plaintiff's and class members' harms through their negligence and violations of the California Consumer Privacy Act ("CCPA") (Cal. Civ. Code § 1798.150), Customer Records Act ("CRA") (Cal. Civ. Code § 1798.82), and Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 et seq.).

## II. JURISDICTION AND VENUE

5. The Court has original jurisdiction over this action under 28 U.S.C. § 1332 based on the diversity of citizenship. The Court also has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

6. Venue is proper in this Court because Defendant is domiciled within this judicial district and does business within this judicial district.

**Class Action Complaint**                                                                                        1

### III.   PARTIES

7. At all relevant times, Plaintiff Michelle Righetti has been a citizen of California, residing in San Francisco County. Ms. Righetti was a customer of Defendant and entrusted her PII with Defendant. Ms. Righetti's PII was subject to unauthorized access, disclosure, theft, and exfiltration as a result of the Data Breach. This resulted in an invasion of Ms. Righetti's privacy interests, loss of value of her PII, and has placed her at imminent, immediate, and continuing risk of further harm from identity theft and other misuse of her PII.

8. Defendant MGM Resorts International is a Delaware Corporation with its principal place of business in Las Vegas, Nevada. Defendant is a global gaming, hospitality and entertainment company operating in locations throughout the United States including within this judicial district.

### IV.   FACTUAL ALLEGATIONS

9. Defendant collected, received, took possession, retained, stored, and maintained a database containing the PII of Plaintiff and class members.  Defendant collected this information from California residents through its online booking system and over the telephone. Defendant alone, or jointly with others, determined the purposes and means of processing and storing such PII.

10. Plaintiff is informed and believes, and on that basis alleges, that a bad actor compromised Defendant's systems and accessed Defendant's data which, on information and belief, included personal information of Plaintiff and class members.

11. Plaintiff is informed and believes, and on that basis alleges, the compromised information of Plaintiff and the class members includes PII.

12. The Data Breach has subjected Plaintiff and the other class members to an unauthorized access and exfiltration, theft, or disclosure of their nonencrypted and nonredacted PII, including, but not limited to, PII that falls within the definition of subparagraph (A) of paragraph (1) of subdivision (d) of Civil Code section 1798.81.5.

13. The Data Breach resulted from Defendant's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the PII.

14. On information and belief, Defendant breached its standard of care by failing to implement reasonable security procedures to adequately protect Plaintiff's and class members' PII—which was not password protected, redacted, or encrypted—from data breaches. Data breaches, such as this one, are commonly made possible through a vulnerability in a system or server.

15. As a result of Defendant's lax security, outside parties have gained access to Plaintiff's and class members' PII in a readily usable form that is of great value to them. Plaintiff and class members are thus exposed to criminals seeking to use their PII for nefarious and illegal activities, such as identity theft schemes. Given the sensitive nature of the PII, Plaintiff and class members face an ongoing risk of identity theft.

16. At all relevant times, Defendant knew, or reasonably should have known, of the importance of safeguarding PII and of the foreseeable consequences that would occur if its data security system was breached, including the identity theft risks to Plaintiff and the class.

## V.   CLASS ALLEGATIONS

17. Plaintiff brings this action to seek equitable non-monetary and monetary relief as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, on behalf of herself and the following Classes:

   a. Nationwide Class

   All of Defendant's customers nation-wide whose PII was accessed or otherwise compromised in the Data Breach that, according to Defendant, occurred in or about September 11, 2023, and shall include all such Defendant customers whose PII was accessed, stolen, downloaded, exfiltrated or otherwise compromised on or about that date and up to and including the date that notice is given to the class.

   b. California Sub-Class:

   All of Defendant's customers who reside in California whose PII was accessed or otherwise compromised in the Data Breach that, according to Defendant, occurred in or about September 11, 2023, and shall include all such Defendant customers whose PII was accessed, stolen, downloaded, exfiltrated or otherwise compromised

on or about that date and up to and including the date that notice is given to the class.

Excluded from the class and California sub-class are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

18. Plaintiff reserves the right to amend the class definition if discovery or further investigation demonstrates that it should be expanded or otherwise modified.

19. The members of the class are so numerous that joinder of all members would be impracticable.

20. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

   a. Whether Defendant's substandard security practices resulted in a breach of its duty to implement and maintain reasonable security procedures and practices to protect PII;

   b. Whether Defendant's conduct violated California's consumer protection and privacy laws;

   c. Whether Defendant acted negligently in connection with the monitoring and/or protecting of Plaintiff's and class members' PII;

   d. Whether Defendant violated its own security and privacy terms of service and whether it failed to comply with its own privacy and data security policies and protocols;

   e. Whether Defendant knew or should have known that it did not employ reasonable measures to keep Plaintiff's and class members' PII secure and prevent loss or misuse of that PII;

      f.    Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the data breach to occur;

      g.    Whether Defendant caused Plaintiff and class members damages; and,

      h.    Whether Defendant violated California's UCL by failing to implement reasonable security procedures and practices.

21. Plaintiff's claims are typical of those of other class members because all had their PII compromised as a result of the Data Breach, due to Defendant's acts and omissions.

22. Plaintiff will fairly and adequately represent the interests of the class. Plaintiff's interests are not antagonistic or irreconcilably conflict with the interests of the members of the class. Plaintiff is represented by attorneys who are competent and experienced in consumer class action litigation.

23. A class action is superior to other available group-wide methods for the fair and efficient adjudication of this controversy because the individual damage and harm suffered by each individual Class member may be relatively small compared to the expense and burden of prosecuting such an individual case, and the difficulty of discovering and remedying the wrongdoing of Defendant.

24. If individual class members were required to bring separate actions, courts would be confronted by a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

### VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Negligence**

**(Brought on behalf of the Nationwide Class)**

25. Plaintiff re-alleges each of the allegations set forth in the preceding paragraphs.

**Class Action Complaint**                                                              5

26. Defendant owed a duty to Plaintiff and class members to exercise reasonable care in obtaining, using, and protecting their PII from unauthorized access by third parties. The duties owed by Defendant to Plaintiff and class members include, but are not limited to, the following:

   a. To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII of Plaintiff and class members within their possession;

   b. To follow its own policies and procedures and terms of service related to privacy and PII data protection;

   c. To protect PII of Plaintiff and class members in its possession by using reasonable and adequate data security practices and procedures to inhibit and prevent compromise of PII;

   d. To implement multi-layered security protocols, audits, evaluation, and stress testing policies; and,

   e. To implement practices and procedures to quickly detect and timely act on data breaches, including promptly notifying Plaintiff and class members of the Data Breach.

27. Defendant breached its duty owed to Plaintiff and class members by its acts and omissions.

28. Defendant knew or should have known the risks of maintaining and storing PII, the importance of following published and industry-standard security protocols, and the importance of maintaining secure digital infrastructure.

29. Through Defendant's acts and omissions described in this Complaint, Defendant failed to provide adequate security to protect the PII of Plaintiff and the class members from being unauthorizedly accessed and compromised.

30. Defendant breached its duty by negligently, carelessly, and recklessly collecting, maintaining, and controlling its customers' sensitive personal information and engineering, designing, maintaining, and controlling systems that exposed their customers' sensitive personal information of which Defendant had control and possession to the risk of exposure to unauthorized persons.

31. Defendant also breached the duty it owed to Plaintiff and class members in several ways, including:

    a. Failing to implement adequate and reasonable security systems, protocols, and practices sufficient to protect class members' PII, creating a foreseeable risk of harm;

    b. Failing to comply with the minimum industry security standards for data security;

    c. Failing to act despite knowing or having reason to know that Defendant's digital infrastructure was vulnerable to attacks; and,

    d. Failing to timely and accurately disclose to Plaintiff and class members that their PII was captured, accessed, exfiltrated, stolen, disclosed, viewed, and/or misused.

32. Due to Defendant's conduct, Plaintiff and class members require, among other things, extended credit monitoring. The Data Breach creates an increased risk for identity theft and other types of financial fraud against the Class members. The consequences of identity theft are serious and long-lasting. There is a benefit to early detection and monitoring.

33. On information and belief, as a result of Defendant's negligence, Plaintiff and class members suffered injuries and damages that include and/or may include: (i) the lost or diminished value of PII; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the data breach, including but not limited to time spent deleting phishing email messages and cancelling credit cards believed to be associated with a compromised account; (iv) the continued risk to their PII, which can remain for sale on the dark web, subject to further unauthorized access and disclosure; (v) future costs in terms of time, effort, and money that will be expended to prevent, monitor, detect, contest, and repair the impact of the PII compromised as a result of the data breach, including ongoing credit monitoring.

34. These injuries, which also include an invasion of privacy rights, were reasonably foreseeable given the history of security breaches of this nature. The injury and harm that Plaintiff and class members suffered was the direct and proximate result of Defendant's negligent conduct.

**Class Action Complaint**            7

**SECOND CAUSE OF ACTION**

**Violations of the California Consumer Privacy Act**

**(Cal. Civ. Code § 1798.150)**

**(Brought on behalf of the California Sub-Class)**

35. Plaintiff re-alleges each of the allegations set forth in the preceding paragraphs.

36. At all relevant times, Defendant was a "business," within the meaning of the California Consumer Privacy Act ("CCPA"). Defendant operates in the State of California and collects consumers' personal information. Plaintiff is informed and believes that Defendant either has an annual operating revenue above $25 million or has collected the personal information of 50,000 or more California residents annually.

37. At all relevant times, Plaintiff and the class members were "consumers" under the terms of the CCPA as natural persons as defined in Section 17014 of Title 18 of the California Code of Regulations.

38. By the acts described above, Defendant violated the CCPA by negligently, carelessly, and recklessly collecting, maintaining, and controlling their customers' sensitive personal information and by engineering, designing, maintaining, and controlling digital infrastructure that exposed their customers' sensitive personal information of which Defendant had control and possession to the risk of exposure to unauthorized persons, thereby violating its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information. Defendant allowed unauthorized users to view, use, manipulate, exfiltrate, and steal the nonencrypted and nonredacted personal information of Plaintiff and other class members, including their personal information.

39. Plaintiff have complied with the requirements of California Civil Code section 1798.150(b) and attach herewith as Exhibit A a true and correct copy of the letter of November 1, 2023, providing Defendant with written notice of the specific provisions of the CCPA Plaintiff alleges have been violated via certified mail.

40. As a result of Defendant's violations, Plaintiff and class members are entitled to all actual and compensatory damages according to proof or statutory damages allowable under the

1  CCPA, whichever are higher, and to such other and further relief as this Court may deem just and
2  proper.

### THIRD CAUSE OF ACTION

**Violations of the California Business and Profession Code Section 17200, et seq.**

**(Brought on behalf of the California Sub-Class)**

41. Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth in full herein.

42. Defendant has engaged and continue to engage in acts and practices of unfair competition, as that term is defined in Business & Professions Code section 17200. As used in this Complaint "unfair competition" means an unlawful, unfair or fraudulent business act or practice. This conduct is actionable pursuant to Business & Professions Code sections 17200 and 17203.

43. Defendant engaged in unlawful acts and practices by establishing the sub-standard security practices and procedures described herein; by obtaining Plaintiff's and class members' PII with knowledge that the information would not be adequately protected; and by storing Plaintiff's and Class members' PII in an unsecure digital infrastructure.

44. On information and belief, Defendant received money or property to protect PII, for the benefit of Plaintiff and the class members, but failed to implement adequate security policies and practices.

45. As a result of Defendant's unlawful, unfair, or fraudulent business practices as alleged herein, Plaintiff suffered injury in fact and lost money or property, including but not limited to the loss of class members' legally protected interest in the confidentiality and privacy of their PII, and additional losses as described above.

46. Defendant knew or should have known that its digital infrastructure and data security practices was inadequate to safeguard class members' PII and that the risk of a data breach or theft was highly likely.

47. Pursuant to Business & Professions Code §§ 17203 and 17204, the Court may enjoin such conduct in the future on behalf of the class members, and the general public; obtain a provision for a corrective notice; and compel Defendant to restore to Plaintiff and class members

any money or property that Defendant may have acquired or retained as a result of any act or practice that constitutes unfair competition. Plaintiff further seeks an order requiring Defendant to disgorge any profits Defendant may have obtained as a result of this conduct.

48. Plaintiff seeks, among other things, restitution to Plaintiff and class members of money or property that Defendant may have acquired by means of its business practices alleged herein, restitution and disgorgement of all profits accruing to Defendant because of such practices, declaratory relief, attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## FOURTH CAUSE OF ACTION

**Violation of the Customer Records Act**

**(Cal. Civ. Code § 1798.82 ("CRA"))**

**(Brought on behalf of the California Sub-Class)**

49. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

50. At all relevant times, Defendant was "businesses" under the terms of the CRA as sole proprietorships, partnerships, corporations, associations, financial institutions, or other groups, operating in the State of California that owned or licensed computerized data that included the personal information of Plaintiff and class members.

51. At all relevant times, Plaintiff and the class members were "customers" under the terms of the CRA as natural persons who provided personal information to Defendant for the purpose of purchasing or leasing a product or obtaining a service.

52. By the acts described above, Defendant violated the CRA by allowing unauthorized access to customers' personal information and then failing to inform them when the unauthorized use occurred for weeks, thereby failing in their duty to inform their customers of unauthorized access expeditiously and without delay.

53. As a direct consequence of the actions as identified above, Plaintiff and class members incurred additional losses and suffered further harm to their privacy, including but not limited to the loss of control over the use of their identity, harm to their constitutional right to

1  privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and
2  cure harm to their privacy, the need for future expenses and time dedicated to the recovery and
3  protection of further loss, and privacy injuries associated with having their sensitive personal
4  information disclosed, that they would not have otherwise lost had Defendants immediately
5  informed them of the unauthorized use.

6      54.     As a result of Defendant's violations, Plaintiff and class members are entitled to all
7  actual and compensatory damages according to proof, to non-economic injunctive relief allowable
8  under the CRA, and to such other and further relief as this Court may deem just and proper.

## FIFTH CAUSE OF ACTION

**Declaratory Relief**

**(Brought on behalf of the Nationwide Class)**

55.     Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth in full herein.

56.     An actual controversy over which this Court has jurisdiction now exists between Plaintiff and class members and Defendant concerning their respective rights, duties, and obligations. There is currently a justiciable controversy over the legality of Defendant's practices as alleged herein.

57.     As a result of such practices, Plaintiff and the class members have been injured and will continue to be injured from the Data Breach and inadequate security policies and practices. Therefore, declaratory relief is appropriate to attain judicial clarification of the parties' rights and obligations under the applicable law.

58.     Plaintiff and class members may be without adequate remedy at law, rendering declaratory relief appropriate in that:

   a. relief is necessary to inform the parties of their rights and obligations under any applicable agreements asserted herein;
   b. damages may not adequately compensate class members for the injuries suffered, nor may other claims permit such relief;

  c. the relief sought herein in terms of ceasing such practices may not be fully accomplished by awarding damages; and

  d. if the conduct complained of is not modified, harm will result to class members and the general public because Defendant's wrongful conduct is continuing.

59. A judicial declaration is therefore necessary and appropriate at this time and under these circumstances so the parties may ascertain their respective rights and duties.

60. Plaintiff desire a declaration of rights of class members and the corresponding responsibilities of Defendant under any applicable agreements and laws asserted herein.

61. Plaintiff also requests an order declaring Defendant is obligated to pay restitution to all members of the class as appropriate and pay over all funds Defendant wrongfully acquired or retained either directly or indirectly as a result of the conduct by which Defendant was unjustly enriched.

62. Plaintiff, therefore, seeks a declaration that (1) Defendant's existing security measures do not comply with its explicit or implicit contractual obligations, law, and duties of care to provide reasonable security procedures and practices appropriate to the nature of the information to protect class members PII, and (2) to comply with explicit or implicit contractual obligations, legal obligations, and duties of care, Defendant must implement and maintain reasonable security measures, including, but not limited to ordering:

  a. that Defendant engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and

  b. audits on Defendant's digital infrastructure on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

  c. that Defendant engage third-party security auditors and internal personnel to run automated security monitoring;

  d. that Defendant audit, test, and train its security personnel regarding any new or modified procedures;

  e. that Defendant's user applications be segmented by, among other things, creating firewalls and access controls so that if one area is compromised, hackers cannot gain access to other portions of Defendant's digital infrastructure;

  f. that Defendant's conduct regular database scanning and securing checks;

  g. that Defendant routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

  h. that Defendant purchase credit monitoring services for Plaintiff and class members for a period of ten years;

  i. that Defendant educate its users about the threats they face as a result of the loss of their PII to third parties, as well as the steps class members should take to protect themselves; and

  j. that Defendant encrypts and password protects class members' PII.

## VII. PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff prays for the following relief:

  a. An order certifying the proposed class pursuant to Federal Rules of Civil Procedure, Rule 23;

  b. An order appointing Plaintiff and her counsel to represent the class;

  c. An order enjoining Defendant from engaging in the wrongful conduct alleged herein;

  d. An order instructing Defendant to purchase or provide funds or additional funds for credit monitoring and other protective services for Plaintiff and all class members;

  e. Compensatory, statutory, and all other available damages, in an amount to be determined at trial;

  f. Equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

  g. Punitive damages, including under Cal. Civ. Code § 3294(c)(3);

h. An award of reasonable attorneys' fees, costs, and litigation expenses;

i. Pre- and post-judgment interest as allowed by law; and

j. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 13, 2023

**JONES LAW FIRM LLC**

By: ___/s/ Charles A. Jones___
      Charles A. Jones

*Attorneys for Plaintiff and the Proposed Class*